# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY ROSS, as Guardian ad Litem of MAGGIE CHRISTINE ROSS; INA PATE,<br><br>    Plaintiffs,<br><br>  v.<br><br>ATICO INTERNATIONAL USA, INC.; WALGREEN COMPANY; and DOES 1 to 50, inclusive,<br><br>    Defendants. | 1:09-cv-1732 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 2/10/11<br><br>Non-Dispositive Motion Filing Deadline: 2/25/11<br><br>Non-Dispositive Motion Hearing Date: 4/1/11 9:00 Ctrm. 7<br><br>Dispositive Motion Filing Deadline: 3/10/11<br><br>Dispositive Motion Hearing Date: 4/11/11 10:00 Ctrm. 3<br><br>Settlement Conference Date: 2/8/11 10:00 Ctrm. 7<br><br>Pre-Trial Conference Date: 5/16/11 11:00 Ctrm. 3<br><br>Trial Date: 6/28/11 9:00 Ctrm. 3 (JT-7 days) |

I.  Date of Scheduling Conference.

    February 18, 2010.

II. Appearances Of Counsel.

    Cornwell & Sample, LLP by Judith M. Harless, Esq., appeared on behalf of Plaintiffs.

1

Peel, Garcia & Stamper LLP by R. Marc Stamper, Esq., appeared on behalf of Defendants Atico International USA, Inc., and Walgreen Company.

Arnstein and Lehr LLP by Jeffrey B. Shapiro, Esq., appeared on behalf of Defendant Atico International USA, Inc.

III. Summary of Pleadings.

    A.    Plaintiffs' Factual Contentions.

        1.    Plaintiff Maggie Ross was 3 1/2 years old when a child's folding chair she sat in collapsed due to a defective locking mechanism. Her finger caught in the hinge of the chair and she suffered a serious smashing injury requiring extensive medical treatment. The injuries are permanent and include both function loss and disfigurement.

        2.    The chair was manufactured and/or distributed by Defendant Atico International. It was purchased as part of a children's table and chair set by Maggie's grandmother, Plaintiff Ina Pate, from Defendant Walgreen Company.

    B.    Plaintiffs' Legal Contentions.

        1.    The child's chair was defective. As both Defendants were in the chain of distribution of the chair to ultimate consumers they have exposure for products liability and general negligence. Plaintiffs also pleaded a *Dillon v. Legg* claim on behalf of Plaintiff, Ina Pate, grandmother to injured Plaintiff, Maggie Ross, who purchased the chair and witnessed the child's injury and extensive medical treatment thereafter.

    C.    Defendants' Factual Contentions.

        1.    Defendant, Atico, sources products, including folding chairs similar to the chair at issue in this litigation.

With respect to the specific product at issue in this litigation, the folding chair, Atico does not design or manufacture the chair. Some of the products sourced by Atico, including folding chairs, are sold by Atico to Defendant, Walgreen; and Walgreen, in turn, sells those products to its own customers. It is not currently known if the subject chair was a chair sourced by Atico, or if it was a chair actually sold by Walgreen.

    D.    Defendants' Legal Contentions.

        1.    It is currently unknown whether or not either Defendant was in the chain of distribution or sale of the subject chair. Further, the cause of the injury alleged by Plaintiffs is not known, and the nature and extent of any injury suffered by Plaintiffs are not known. The nature and extent of any comparative fault on the part of Plaintiffs or any third parties to the litigation is also unknown.

IV.    Orders Re Amendments To Pleadings.

    1.    The parties do not anticipate amending the pleadings at this time.

V.    Factual Summary.

    A.    Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.    Tracy Ross is the duly appointed and acting Guardian ad Litem for Maggie Christina Ross.

        2.    Atico International USA, Inc. is a corporation organized and existing under the laws of the State of Delaware.

        3.    Walgreen Co. is a corporation organized and existing under the laws of the State of Illinois.

        4.    That Defendant Atico sourced chairs similar to the

one at issue here from suppliers in China and distributed these similar chairs to Walgreen for sale to the public.

       5.    That Plaintiff Maggie Ross was injured.

  B.    Contested Facts.

       1.    Whether Atico and Walgreen were in the chain of distribution of the chair that collapsed.

       2.    Whether the injury Maggie suffered was from the collapse of the chair.

       3.    The extent of Maggie's injuries.

       4.    The extent of Ina Pate's emotional distress damages and the existence of the elements of a *Dillon v. Legg* claim.

VI.    Legal Issues.

  A.    Uncontested.

       1.    Jurisdiction exists under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

       2.    Venue is proper under 28 U.S.C. § 1391.

       3.    The parties agree that the substantive law of the State of California provides the rule of decision in this case.

  B.    Contested.

       1.    Whether there is contributing fault of third persons or of Plaintiffs themselves.

       2.    Whether joint or several liability for damages, if any, applies.

       3.    Whether Plaintiffs assumed any risks which led to the injuries about which they are complaining.

       4.    Causation for the injuries claimed by Plaintiffs.

*///*

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.    Discovery Plan and Cut-Off Date.

    1.    The parties are ordered to complete all discovery on or before February 10, 2011.

    2.    The parties are directed to disclose all expert witnesses, in writing, on or before December 10, 2010. Any rebuttal or supplemental expert disclosures will be made on or before January 10, 2011. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

    3.    The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.

Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

  1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before February 25, 2011, and heard on April 1, 2011, at 9:00 a.m. before Magistrate Judge Sandra S. Snyder in Courtroom 7.

  2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

  3.   All Dispositive Pre-Trial Motions are to be filed no later than March 10, 2011, and will be heard on April 11, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor.  In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

  1.   May 16, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

  2.   The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

  3.   Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for

| | |
|---|---|
| 1 | the pre-trial conference.  The Court will insist upon strict |
| 2 | compliance with those rules. |

XII. Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XIII.  Trial Date.

        1.    June 28, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

        2.    This is a jury trial.

        3.    Counsels' Estimate Of Trial Time:

            a.    5-7 days.

        4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

    A.    Prospects Re Trial Date.

        1.    Plaintiffs' counsel wishes to advise the Court, however, that there are several aspects to Maggie's injury and treatment that may give rise to a later need for this date to be continued in order to adequately assess Maggie's long-term damages.  In particular, Maggie developed an infection during the course of her earlier treatment that required the administration of strong antibiotics over the course of several months that were delivered directly into her heart through a catheter.  There is some medical concern about the long-term impact on Maggie's health of such a prolonged course of medication.  In addition, the injury has left Maggie with a serious deformity of the ring

finger on her left hand.  Because she is still so young and she has so much more growing to do, a determination of whether any surgical repair is possible remains unresolved and the doctors cannot yet project whether the current state of disfigurement is permanent.  Finally, Maggie is still at risk of developing a neuroma, a growth of nerve tissue at the end of the injured nerve fibres, that can be very painful.

XIV. Settlement Conference.

    1.    A Settlement Conference is scheduled for February 8, 2011, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.    Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the

parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.    The Confidential Settlement Conference Statement shall include the following:

        a.    A brief statement of the facts of the case.

        b.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.    A summary of the proceedings to date.

        d.    An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.    The relief sought.

        f.    The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV.  Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.    None at this time.

XVI. Related Matters Pending.

    1.    There are no related matters.

XVII.    Compliance With Federal Procedure.

    1.    The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.    Effect Of This Order.

    1.    The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.    Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

///
///
///
///

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: February 18, 2010            /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE